IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRENDON GATES,<br><br>    Defendant. | CRIMINAL ACTION FILE<br><br>NO. 3:19-cr-12-TCB |

# **O R D E R**

This case comes before the Court on Magistrate Judge Russell G. Vineyard's report and recommendation (the "R&R") [73], which recommends denying Defendant Brendon Gates's motion [17] to suppress evidence and his motion [23] to dismiss the indictment. Gates has filed objections [75], in which he objects only to the recommendation that the Court deny his motion to suppress.

**I.    Legal Standard**

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d

732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## II.  Discussion

### A.  Objections to the Findings of Fact

In his objections, Gates contests Magistrate Judge Vineyard's factual findings. First, Gates argues that Officer Repetto's testimony that Gates seemed to be "very, very concerned about [his] presence" lacks credibility because the opinion is based solely on eye contact made with Gates. [57] at 8. Office Repetto testified at the evidentiary hearing that Gates's suspicious demeanor prompted him to perform a Georgia Crime Information Center query of the license plate of the vehicle,

which revealed that it had been stolen. The R&R's inclusion of this sworn testimony is not improper, and the Court will overrule the objection.

Second, Gates objects to the magistrate judge's acceptance of Officer Repetto's testimony that he obtained the rear license plate of a vehicle "that was moving in the opposite direction of his police [car]." [73] at 2. However, as Officer Repetto testified, he made a U-turn to enter the gas station, which gave him a full view of the back of the vehicle. Accordingly, the objection will be overruled.

Third, Gates argues that the magistrate judge ignored the fact that Officer Repetto's testimony that he went inside the store to look for the driver of the truck contradicts his testimony "that he actually saw Gates driving the truck." [73] at 2. Officer Repetto testified that he saw an individual driving the truck, the truck was unoccupied when he returned the store, and he entered the store "to identify where the driver was." [57] at 10. The Court does not find the testimony to be inconsistent, and the objection will be overruled.

### B.   Objections to the Legal Conclusions

Gates also objects to Magistrate Judge Vineyard's legal conclusions. First, Gates argues that the totality of the evidence demonstrates that Officer Repetto stopped Gates based on "a hunch or bare suspicion" rather than on reasonable suspicion of criminal activity. Gates points to several facts that he believes support the contention: (1) when Officer Repetto returned to the store, Gates was not in or near the truck; (2) Gates repeatedly denied involvement with the truck; (3) there were no traffic violations or impairments on the truck that might have otherwise justified a stop of the vehicle; (4) Officer Repetto never saw Gates park the truck and enter the store; and (5) no evidence was presented that Gates's DNA was found in or on the truck.

The R&R properly found that Officer Repetto had reasonable suspicion of criminal activity to stop Gates. Although there were no traffic violations or impairments on the truck, Officer Repetto learned that the truck had been reported stolen, which prompted him to return to the store and investigate further. Gates's refusal to produce identification, his statement to Officer Repetto that he "wasn't putting

5

that truck on him," his evasive conduct and subsequent flight, and the other evidence connecting Gates to the truck supplied Officer Repetto with reasonable suspicion to support his temporary pursuit and detention of Gates. *See Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) ("Our cases have also recognized that nervous, evasive behavior is a pertinent factor in reasonable suspicion. Headlong flight—wherever it occurs—is the consummate act of evasion . . . .") (internal citations omitted); *United States v. Franklin*, 323 F.3d 1298, 1301 (11th Cir. 2003) (finding the defendant's flight to be a relevant consideration for finding reasonable suspicion). The Court finds that taken as a whole, Gates's behavior created enough suspicion of criminal wrongdoing to justify a brief, investigatory stop. The objection will be overruled.

Second, Gates contends that the magistrate judge erred in finding that Officer Repetto had probable cause to arrest him and argues that the evidence seized incident to the unlawful arrest must therefore be suppressed. However, when Gates physically resisted Officer Repetto, Officer Repetto developed probable cause to arrest Gates for obstruction of a law enforcement officer. *See* O.C.G.A. § 16-10-24; *United States v.*

*Foskey*, 455 F. App'x 884, 888 (11th Cir. 2012) (per curium) (finding that the officer had reasonable suspicion to conduct an investigatory stop, and when the defendant ignored the officer's lawful order to stop and continued his flight, the officer had probable cause to arrest).

Officer Repetto also had probable cause to arrest Gates for theft by receiving stolen property based on the totality of circumstances known to him, including his observation of Gates driving the stolen truck, his identification of Gates in the store as the driver, Gates's statements made to him, and Gates's subsequent flight and resistance to arrest. Because Officer Repetto had probable cause to arrest Gates, the search of Gates's person leading to the discovery of the firearm was a lawful search of his person incident to arrest. The objection will be overruled.

### III. Conclusion

The Court has carefully reviewed the R&R and the objections thereto. Having done so, the Court finds no clear error in the portions of the R&R not objected to. Further, it finds that Magistrate Judge Vineyard's factual and legal conclusions are correct and that Gates's

7

objections have no merit. Accordingly, the Court adopts as its Order the R&R [73] and overrules the objections [75]. Gates's motion [17] to suppress evidence and motion [23] to dismiss the indictment are denied.

IT IS SO ORDERED this 12th day of January, 2021.

_____
Timothy C. Batten, Sr.
United States District Judge